A. G. CROSBY *v.* ARTHUR BOUCHARD.

January Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed February 3, 1909.

*Statute of Frauds—Sale of Goods—Memorandum—Sufficiency— Pleading—Declaration—Surplusage—Construction Against Pleader.*

Though a contract for the sale of goods for more than $40, need not stipulate the time of delivery, as without that the law would imply a reasonable time, yet if that is stipulated, it becomes a material part of the contract, and if it is not stated with substantial accuracy in the memorandum of the bargain, the memorandum fails to meet the requirement of the Statute of Frauds in that regard.

Though in special assumpsit for not delivering goods bargained and sold for more than $40 the declaration need not recite the signed written memorandum, yet if it does, it thereby makes that averment a material part thereof, which cannot be rejected as surplusage, and which will render the declaration bad in substance,

if thereby it is revealed that the requirements of the Statute of Frauds have not been complied with.

No contract for the sale of goods, wares, or merchandise for the price of $40 or more is valid, though proved by oral testimony without objection, unless the requirements of the Statute of Frauds are complied with.

Where, in special assumpsit for not delivering goods bargained and sold for more than $40, the declaration recited the signed written memorandum of the bargain, and relied on it alone to validate the contract, it will not be taken, on demurrer to the declaration, that any other requirement of the Statute of Frauds was complied with, nor that the contract itself was in writing; the presumption being that plaintiff has stated his case as favorably to himself as possible.

SPECIAL ASSUMPSIT for not delivering goods bargained and sold. Heard on general and special demurrers to the declaration at the March Term, 1908, Franklin County, *Miles,* J., presiding. Demurrers overruled, and declaration adjudged sufficient. The defendant excepted.

*E. A. Ayers* for the defendant.

All the essential elements of a valid contract must appear in or be disclosed by the written memorandum, signed by the party to be charged, or the memorandum is not sufficient. *Ide & Smith* v. *Stanton,* 15 Vt. 685; *Mentz* v. *Newitter,* 122 N. Y. 491; *Blayden* v. *Bradbear,* 12 Ves. 466. At law the general rule is that time is of the essence of the contract unless a contrary intent appears from the face of the contract. 2 Page on Contracts, §1160 and cases cited in notes. All the essential elements of the contract must appear from the written memorandum. *Daggett & Graves* v. *Johnson,* 49 Vt. 345; *Parkhurst* v. *Van Cortland,* 1 John. 273; Brown on Statute of Frauds, 4th Ed., § 376; *Brodie* v. *St. Paul,* 1 Ves. Jr. 326; *Catterlin* v. *Bush,* 39 Ore. 496; *Grafton* v. *Cummings,* 99 U. S. 100; *Williams* v. *Morris,* 95 U. S. 444; *O'Donnell* v. *Leeman,* 43 Me. 158; *Elliot* v. *Barrett,* 144 Mass. 256; *Atwood* v. *Cobb,* 16 Pick. 227; *Gault* v. *Stormont,* 51 Mich. 636; *Clampet* v. *Bells,* 39 Minn. 272; *Shelburne* v. *Shaw,* 1 N. H. 157; *Drake* v. *Seaman,* 97 N. Y. 230.

The memorandum must not falsify the agreement set out by the declaration as the basis of the action, as the plaintiff must produce such a writing as will tend to prove, not disprove, the existence of the alleged contract. Brown on Statute of Frauds, (4th Ed.) §371. The memorandum must support the declaration. *Marshall* v. *Lynn,* 6 Meeson & Wellsby, 117.

*D. W. Steele* for the plaintiff.

Rowell, C. J. This is special assumpsit for not delivering hay bargained and sold for more than forty dollars. It does not appear whether the bargain itself, as distinguished from the memorandum of it, was in writing or not. The declaration alleges that the defendant agreed to press and bale the hay, and deliver it on the cars at Highgate ''at any time the plaintiff was ready to take the same and should request after the same was pressed and baled ready to be drawn to the cars, for which the defendant was to receive $10.50 per ton, with payment to be made at the place of delivery.'' The declaration then sets out the tenor of a memorandum of the bargain, made in writing and signed by the defendant, by which it appears that the hay was ''to be taken when ready to draw to cars by Adams and Bouchard.''

The sufficiency of the declaration is challenged by demurrer both as to substance and form. As to substance, it is objected that the memorandum therein set out falsifies the contract alleged, in that the time of delivery stated in the memorandum is materially different from the time of delivery stipulated in the contract alleged, the latter making the time of delivery dependent upon the plaintiff's readiness and request after the hay was pressed and baled ready to be drawn, while the former says nothing about the plaintiff's readiness and request, but makes the time of delivery dependent upon the readiness of the hay to be drawn, regardless of the plaintiff's readiness and request. This is a material difference; and although it was not necessary to stipulate the time of delivery in the contract, as without it the law would imply a reasonable time, yet having been stipulated therein, it became a material part thereof, and therefore should have been stated with substantial accuracy in the memorandum; and as it was not, the memorandum has no effect as a memorandum of the contract alleged. Brown, Frauds, 4th ed.,

§371a. And although it was not necessary to say anything about the memorandum in the declaration, yet it having been brought forward therein as it was, it thereby became a material part thereof, and cannot be rejected as surplusage, for it shows that the declaration is bad in substance, inasmuch as no contract for the sale of goods, wares, or merchandise for the price of forty dollars or more is valid, though proved by oral testimony without objection, unless the requirements of the statute are complied with. *Strong* v. *Dodds,* 47 Vt. 348. And the plaintiff having seen fit to bring forward the memorandum in his declaration, and therein to rely upon it alone to validate the contract declared upon, it will not be taken that any other requirement of the statute was complied with, nor that the contract itself was in writing, for nothing will be assumed in favor of the plaintiff, the presumption being that he has stated his case as favorably to himself as possible.

*Judgment reversed, demurrer sustained, declaration adjudged insufficient in substance, and cause remanded.*